FILED

2014 Oct-21  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WILLIE CABBIL, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| RESOURCE HORIZONS GROUP, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO CONFIRM ARBITRATION AWARD

NOW COMES Petitioner, Willie Cabbil (hereinafter, "Mr. Cabbil") and applies under the Federal Arbitration Act, 9 U.S.C. § 9 (2008), to confirm an arbitration award entered against Resource Horizons Group LLC ("RHG") by an arbitration panel for the Financial Industry Regulatory Authority ("FINRA"), a copy of which is attached hereto as *Exhibit A*.

### INTRODUCTION

1.      Mr. Cabbil's money was stolen as part of a $5.4 million scheme perpetrated by RHG's former registered representative, Robert Gist. ("Agent Gist"). Pursuant to FINRA Rule 12200, the parties were required to arbitrate this matter because it was dispute that arose between a customer of Agent Gist and FINRA member RHG in connection with the activities of the member and associated person.

2.      Agent Gist solicited Mr. Cabbil to invest $327,000 in numerous fraudulent investments through his disclosed outside business activity, Gist, Kennedy & Associates.

Instead of investing Mr. Cabbil's money, Agent Gist converted these funds for his personal use.

3.      At the time that Mr. Cabbil invested this money, Agent Gist was a registered representative of RHG. Mr. Cabbil believed that his investments were managed by Agent Gist and RHG. RHG had a duty to supervise Agent Gist, including his outside business activities, and investigate his background prior to hiring him.

4.      Mr. Cabbil filed his First Amended Statement of Claim in FINRA arbitration against RHG and its principals, David Miller, Kelly Miller, Laura Tedball, and Eileen Fannon on July 23, 2013.  Between July 29, 2014 and August 1, 2014, a three-member FINRA arbitration panel heard the parties' evidence and argument in Birmingham, Alabama. On or about October 8, 2014 the panel delivered its award (*Exhibit A*). The Panel found RHG liable for Mr. Cabbil's damages and awarded him $355,228.72, broken down as follows:

- $193,650 in compensatory damages;
- $53,858.09 in pre-judgment interest through July 31, 2014;
- 6% interest per annum accruing from August 1, 2014 through payment of the Award in full;
- $99,003.24 in attorneys' fees pursuant to the Alabama Securities Act; and
- $8,717.39 in costs.

## PARTIES

5.      Petitioner WILLIE CABBIL is an individual who resides in Alabaster, Alabama and is otherwise *sui juris.*

6.   Respondent RESOURCE HORIZON GROUP, LLC is a limited liability corporation, organized under the laws of the State of Delaware and maintains its principal place of business in Marietta, Georgia.

## SUBJECT-MATTER JURISDICTION

7.   Federal subject-matter jurisdiction exists here under 28 U.S.C. § 1332(a)(1) because the diversity of citizenship between Plaintiff/Petitioner and Defendant is complete and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

8.   Venue is proper in this District under 9 U.S.C. § 9 because the parties' arbitration agreement(s) do not specify a federal venue to confirm or challenge arbitration awards, and the arbitration and award was rendered in this District; alternatively, venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district (as alleged in the arbitration Statement of Claim (*Exhibit B*), or alternatively, the Defendant is subject to the personal jurisdiction in this district at the time this action commenced (Defendant has offices in this District and regularly conducts business in this District).

## FACTS

9.   On June 27, 2013, Mr. Cabbil filed his Initial Statement of Claim.  On July 23, 2013, Mr. Cabbil filed his First Amended Statement of Claim (*Exhibit B*) against RHG, and its principals Kelly Miller, David Miller, Eileen Fannon, and Laura Tedball to commence a FINRA arbitration proceeding.  On August 12, 2013, Petitioner executed and filed a FINRA Submission Agreement. *Exhibit C.*

10.     Defendant and its Principals filed an Answer to the First Amended Statement of Claim on September 18, 2013.  Subsequently, on or about October 23 and October 28, 2013, Defendant and its Principals executed and filed FINRA Submission Agreements (*Exhibit D*).

11.     By executing these Submission Agreements, Defendant and its Principals confirmed that each of them had "read the procedures and rules of FINRA relating to arbitration" and that each of them further "agree[d] to be bound by these procedures and rules."

12.     After more than a year spent following FINRA Arbitration rules and procedures regarding discovery and prehearing procedures, the parties appeared before a Panel of FINRA arbitrators in Birmingham, Alabama from July 29, 2014 through August 1, 2014.  During this hearing, both parties submitted reams of documentary evidence and hours of testimony in support of each party's respective cases. After considering all of the evidence, the Arbitrators issued an Award in Mr. Cabbil's favor on or about October 8, 2014. (*Exhibit A*).

## LEGAL ARGUMENT

13.     The Submission Agreements signed by the parties to the arbitration are contracts evidencing their desire to submit their dispute voluntarily to FINRA Arbitration.  These contracts further evidence transactions involving commerce, and thus subject to the terms of Section 2 of the Federal Arbitration Act ('FAA"), 9 U.S.C. § 2.

14.     This Petition is authorized by the Submission Agreement, FINRA Rules, and Section 9 of the FAA.

15. In the Submission Agreement, the Defendant and its Principals each agreed "to abide by and perform any award(s) rendered pursuant to this submission agreement." They further agreed "that a judgment and any interest due thereon, may be entered upon such award(s), and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment."

16. Moreover, pursuant to FINRA Rule 12904(a), titled "Awards", the arbitration award "may be entered as a judgment in any court of competent jurisdiction." (See *Exhibit E*).

17. Likewise, Section 9 of the Federal Arbitration Act provides that a party may, within one (1) year after an arbitration award is made, apply to the court "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in section 10 and 11 of this title. 9 U.S.C. § 9 (2014). The arbitration award has not been corrected, vacated, or modified.

18. For these reasons, the award is ripe for summary proceeding to confirm the award. *See Cullen v. Paine Webber*, 863 F.2d 851, 854 (11th Cir. 1989) (a "confirmation proceeding under § 9 is intended to be summary").

19. The FAA "imposes a heavy presumption in favor of confirming arbitration awards . . . As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1288 (11th Cir. 2002).

## CONCLUSION

20. Petitioner requests the Court enter a Final Judgment in his favor against Defendant as follows:

a) Compensatory damages, interest, attorneys' fees and costs in the amount of $355,228.72; and

b) 6% per annum interest from August 1, 2008 until the award is paid; and

b) such other relief the Court deems proper.

WHEREFORE, Petitioner respectfully applies to the Court for an order confirming the FINRA arbitration award in its totality and to enter Final Judgment in favor of Plaintiff/Petitioner for the full amount of the award, plus post-award interest at the statutory rate set by the State of Alabama from October 21, 2014, until the award is paid, for which let execution issue and such other relief the Court deems proper.

Dated: October 21, 2014

/s/Richard Frankowski

Richard Frankowski
Alabama Bar No. asb-1734-h70f
The Frankowski Firm, LLC
231 22nd Street South, Ste. 203
Birmingham, AL 35233
P:  205-390-0399
F:  205-390-1001

Andrew Stoltmann (Pro Hac Admission to be presented)
Illinois Bar No. 6270678
Deanna Besbekos (Pro Hac Admission to be presented)
Illinois Bar No. 6308589
Stoltmann Law Offices, P.C.
10 S. LaSalle Street, Ste. 3500
Chicago, IL 60603
312-332-4200