IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE CABBIL, | ) |
| PLAINTIFF, | ) |
| VS. | )     2:14-cv-2017-JHH |
| RESOURCE HORIZONS GROUP, LLC, | ) |
| | ) |
| DEFENDANT. | |

MEMORANDUM OPINION

The court has before it the April 21, 2015 Motion (Doc. #16) for Default Judgment filed by Plaintiff Willie Cabbil. The Motion seeks default judgment against Defendant Resource Horizons Group LLC pursuant to Federal Rule of Civil Procedure 55(b) for failure to appear, plead or otherwise defend the instant action filed by Plaintiff For the reasons stated below, the Motion (Doc. #16) is due to be granted.

**I.  Procedural History**

On October 21, 2014, Plaintiff Willie Cabbil filed the instant Complaint in this court against Defendant Resource Horizons Group, LLC, requesting the court to

confirm an arbitration award. On February 20, 2015,[1] a summons was issued for Defendant, and on February 23, 2015, Defendant was served with the summons and Complaint. (See Docs. 10 & 11.) Under Federal Rule of Civil Procedure 12, Defendant had twenty-one (21) days after being served with the summons and complaint to answer the Complaint. Fed.R.Civ.P. 12(a)(1)(A). Therefore, Defendant's answer was due on or before March 16, 2015. That day came and went without any appearance from the Defendant.

On March 18, 2015 Plaintiff Willie Cabbil filed an Amended (Doc. #12) Motion for Entry of Default due to Defendant's failure to appear, plead or otherwise defend this action. On March 19, 2015, the court issued an order (Doc. #13) detailing the pertinent events in the history of the case to that point and, based on that history, concluding that entry of default was appropriate as to Defendant Resource Horizons Group LLC. (Id.) Instead of entering default in that order, however, the court gave the Defendant one last chance to show why default should not be entered and ordered that such cause be shown by April 8, 2015.[2] (Id. at 2.) That date passed without anything from Defendant, and the court entered default against Resource Horizons

---

[1] For a detailed account regarding the delay of proper service, see the court's order of February 19, 2015. (Doc. # 8.)

[2] The court directed the clerk to mail its order to the addresses in the record for the Defendants, which was done on March 19, 2015. (See docket entry dated 3/19/2015.) Acknowledgment of service was returned on March 26, 2015. (Doc. # 14.)

Group, LLC on April 9, 2015. (Doc. #15.) Plaintiff filed the instant Motion (Doc. #16) for Default Judgment on April 21, 2105.

**II. Discussion**

It is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985). That being said, however, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." <u>In re Worldwide Web Systems, Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).

Where, as here, Defendant Resource Horizons Group LLC has failed to appear, plead or otherwise defend the lawsuit for over two months,[3] entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). In a variety of contexts, courts have entered default judgment against defendants who have failed to appear and/or failed to defend in a timely manner following proper service of process. <u>See, e.g.</u>, <u>In re Knight</u>, 833 F.2d 1515, 1516

---

[3] The court is convinced, however, that Defendant has known about this lawsuit for well over that period of time. Although service wasn't technically proper until February 2015, there is plenty of evidence in the record before the court to show that Defendant had notice of this lawsuit since late November 2014.

3

(11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1290 (S.D.Ala. 2010); Kidd v. Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months).  In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party ." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted). That is precisely what the Defendant has done here. Despite being served with the Summons and Complaint on February 27, 2015, and notified by the court of the default proceedings initiated against them (see Doc. #13), Defendant has declined to appear, plead or otherwise defend, and has thereby stalled the progress of this litigation.  Therefore, entry of default judgment is proper under Rule 55 given their failure to appear, plead or defend after service of process.

Because the court concludes that a default judgment is proper, under Rule 55(b), a final default judgment may be entered by the court[4] without a hearing if the

---

[4] Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the

claim "is for a sum certain or a sum that can be made by computation" upon the plaintiff's request with an affidavit showing the amount due. Fed.R.Civ. P. 55(b)(1); See United States Artist Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted). The affidavit testimony indicates that the damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain, to wit: $355,228.72 consisting of $193,650 in compensatory damages, $53,858.09 in pre-judgment interest, $99,003.24 in attorneys' fees pursuant to the Alabama Securities Act, and $8,717.39 in costs. Plaintiff also asks for 6% per annum interest from August 1, 2008 until the award is paid. (See Exh. A to Compl.)

Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record

---

case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

adequately reflects the basis for award); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir.2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1292 (S.D.Ala. 2010). The court must abide by its obligations and award the amount adequately supported by the record. Plaintiff has provided the court with ample evidence to make an award in the amount requested.

Based upon the court's review of the record before the court, the affidavit testimony and its study of the relevant case law, the Motion (Doc. #16) for Default Judgment against Defendant Resource Horizons Group LLC is due to be granted, and Willie Cabbil is due to recover $355,228.72, plus 6% per annum interest from August 1, 2008 until the award is paid. The court will enter a final default judgment in favor of Willie Cabbil consistent with this memorandum opinion.

**DONE** this the __22nd__ day of April, 2015.

_____
SENIOR UNITED STATES DISTRICT JUDGE